IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PALLMAN MASCHINENFABRIK GmbH & CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 5:08-cv-33(HL) |
| | : | |
| EVERGREEN COMPOSITE TECHNOLOGY, LLC, | : | |
| | : | |
| Defendant. | : | |

# ORDER

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts have only limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3));

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

1

Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction may be based on either a federal question or diversity of citizenship. 28 U.S.C.A. § 1331 (2006); 28 U.S.C.A. § 1332 (2006). If jurisdiction is based on either of these grounds, the party invoking the court's jurisdiction "must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting FED. R. CIV. P. 8(a)). In this case, Plaintiff alleges that this Court has diversity jurisdiction, and therefore, Plaintiff has the burden of affirmatively alleging the citizenship of the parties and that the amount in controversy exceeds $75,000. Id. at 1367. Plaintiff, however, has not properly alleged its citizenship, nor has it properly alleged the citizenship of Defendant.

Corporate parties are considered to be citizens of both their state of incorporation and their principal place of business. 28 U.S.C.A. § 1332(c)(1). In this case, both Plaintiff and Defendant are corporate parties. Plaintiff, however, has failed to plead its own principal place of business, and it has failed to plead Defendant's state of incorporation and principal place of business. Accordingly, this Court cannot determine whether it has diversity jurisdiction over this case because Plaintiff has not properly alleged the parties' citizenships. To correct the deficient allegations of citizenship, Plaintiff shall amend its complaint (Doc. 1), if at all, no later than twenty (20) days after this Order is entered on the docket. If Plaintiff fails to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

**SO ORDERED**, this the 11th day of February, 2008.

>*/s/ Hugh Lawson*
>**HUGH LAWSON, Judge**

dhc